IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**DARRICK D. SUBLET,**

      **Plaintiff,**

vs.                                               **No. CIV 10-113 RB/DJS**

**CITY OF ALBUQUERQUE, A Municipal**
**Corporation and MARK ELRICK, in his**
**official capacity as an employee of the City**
**of Albuquerque,**

      **Defendant.**

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on Plaintiff Darrick D. Sublet's Motion for Entry of Default Judgment (Doc. 9), filed April 13, 2010. Having considered the submissions and arguments of the parties, and the relevant law, and being otherwise fully advised, I conclude that this motion should be denied.

**I.**     **Background**

On February 9, 2010, Plaintiff Sublet, proceeding pro se, filed a Civil Rights Complaint Pursuant to 42 U.S.C. §§ 1981, 1983, and 1988 (Doc. 1). The Court granted his motion to proceed *in forma pauperis*. *See* Doc. 4. In the style of the Complaint, Plaintiff named "Mark Elrick in his official capacity as an employee of the City of Albuquerque," as a Defendant. *See* Complaint (Doc. 1) at 1. The Court directed service by the Marshal "as directed by the Clerk." Doc. 5. Accordingly, the Clerk mailed the summonses to Plaintiff with instructions for him to fill out the names and addresses of the Defendants who should be served. Two proofs of service were filed March 19, 2010 showing that Kathy Levy, Assistant City Attorney at the City of Albuquerque ("City"), was

1

served on behalf of Mark Elrick and the City.  *See* Docs. 6 & 7.  On April 13, 2010, Plaintiff filed a Request to Enter Default (Doc. 8) and a Motion for Entry of Default Judgment.  *See* Doc. 9.  The Clerk of the Court entered an entry of default against Defendants City and "Mark Elrick, in his official capacity as an employee of the City of Albuquerque," on April 29, 2010 (Doc. 12).  Despite the style of the Complaint only naming Defendant Elrick in his official capacity, in his Complaint, Plaintiff asserts that he is suing "each and both of the defendants in their individual and official capacities."  Complaint ¶ 7 at 1.

**II.    Legal Standards**

    A.    <u>Service of Process</u>.

"Effectuation of service is a precondition to suit," *Jenkins v. City of Topeka*, 136 F.3d 1274, 1275 (10th Cir. 1998).  The burden of establishing validity of service of process is on the plaintiff. *See F.D.I.C. v. Oaklawn Apts.*, 959 F.2d 170, 174 (10th Cir. 1992).  "The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service."  FED. R. CIV. P. 4(c).  The Court must dismiss without prejudice a Complaint that is not served within 120 days after it is filed or order that service be made within a specific period of time.  *See* FED. R. CIV. P. 4(m).  If the plaintiff demonstrates good cause for the failure, instead of dismissal, the court must extend the time for service as appropriate.  *See id.*

    Service upon an individual must occur by:

    (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or

    (2) doing any of the following:

    (A) delivering a copy of the summons and of the complaint to the individual

>personally;
>
>(B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>
>(C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

FED. R. CIV. P. 4(e).

Pursuant to New Mexico Rules of District Court, Rules of Civil Procedure, personal service of process shall be made upon an individual by personally delivering a copy of a summons and complaint or other process to the individual or by mailing each to the defendant, *see* N.M.R.A. 1-004 F(1)(a) and (b), in an envelope "addressed to the named defendant and further provided that the defendant or a person authorized by appointment, by law or by this rule to accept service of process upon the defendant signs a receipt for the envelope or package containing the summons and complaint," N.M.R.A. 1-004(E)(3).  Only if service is not, or can not be, accomplished in accordance with subsections (1) and (2) of Rule 1-004(F) may service of process be made "by delivering a copy of the process at the actual place of business or employment of the defendant to the person apparently in charge thereof and by mailing a copy of the summons and complaint by first class mail to the defendant at the defendant's last known mailing address and at the defendant's actual place of business or employment." N.M.R.A. 1-004(F)(3).

Service upon a local government, such as the City, must occur by: "(A) delivering a copy of the summons and of the complaint to its chief executive officer; or (B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant." FED. R. CIV. P. 4(j)(2).  Under New Mexico Rules of District Court, Rules of Civil Procedure 1-004(H)(1), service may be made upon a local government by serving a copy of the summons and complaint to the city clerk.

A defendant "subject to service under Rule 4(e), (f), or (h) has a duty to avoid unnecessary expenses of serving the summons." FED. R. CIV. P. 4(d)(1). A plaintiff may notify such a defendant that the action has been commenced and ask the defendant to waive service of process. *See id.*

B. <u>Failure to State a Claim Upon Which Relief Can be Granted</u>.

The Court may dismiss a complaint *sua sponte* under 28 U.S.C. § 1915(e) or under Fed. R. Civ. P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Okla. Dep't of Human Serv.*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, --- U.S. ----, 129 S. Ct. 1937, 1949 (2009). In reviewing a plaintiff's pro se complaint, the court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

C. <u>Law Regarding Claims Under 42 U.S.C. § 1981</u>.

Section 1981 prohibits race discrimination in making and enforcing contracts. *See* 42 U.S.C. § 1981. Specifically, § 1981 states:

> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, to be parties, give evidence, and to the full and equal benefits of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

The meaning of "make and enforce contracts" "includes the making, performance, modification, and

termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." § 1981(b).  "[A]lthough § 1981 on its face relates primarily to racial discrimination in the making and enforcement of contracts, the statute provides a remedy against employment discrimination on the basis of race as well." *Ramirez v. Dep't of Corr.*, 222 F.3d 1238, 1244 (10th Cir. 2000) (internal quotation marks omitted).

**III.    Discussion**

    **A.    The Defendants have not been properly served.**

Plaintiff alleges that the summons was served on Kathy Levy on behalf of both Defendants. *See* Doc. 9 ¶ 2 at 1.  No other executed summons are reflected in the court docket for this matter. There is neither evidence that Defendant Elrick authorized Kathy Levy to accept service on his behalf, nor evidence that Plaintiff had already unsuccessfully attempted to personally serve Defendant Elrick.  Defendant Elrick has not been served in his individual capacity.

Similarly, Defendant City and Defendant Elrick in his official capacity have not been properly served.  Neither the Albuquerque city clerk nor Mayor have been served, as required by the New Mexico rules, and Kathy Levy was an improper person to serve with the Complaint because she was not authorized to accept service on behalf of either Defendant.  Defendants have not been properly served with the summons and complaint and, therefore, default judgment is not warranted.

Although Plaintiff is responsible for the improper service, "[g]iven the grant of IFP status, the district court [is] responsible for ensuring service. *See Olsen v. Mapes*, 333 F.3d 1199, 1204 (10th Cir. 2003)." *Phillips v. AT & T*, No. 09-6264, 2010 WL 537878, *1 (10th Cir. Feb. 17, 2010). Plaintiff shall submit to the Clerk of the Court the home-address information of Defendant Elrick so that the Clerk may mail an alias summons and request for waiver to him under FED. R. CIV. P. 4(d).  The Clerk of the Court shall issue an alias summons to Defendant City and mail it and the

Complaint, together with a copy of this Order, return receipt requested, to the Albuquerque city clerk.  *See* N.M.R.A. 1-00(H)(1)(h) & (2).

### B. Plaintiff's § 1981 claim shall be dismissed.

Plaintiff alleges that Defendants violated his rights under 42 U.S.C. § 1981; however, he does not contend that any contractual rights have been violated or that there was any contractual relationship at issue.  In Count 1 of his Complaint, Plaintiff asserts that law enforcement officers have the power to impound vehicles, that Defendant Elrick impounded Plaintiff's car but did not properly tag his vehicle, and that, as a result of the non-tagging of his car, Plaintiff was charged high wrecker fees and suffered the loss of his vehicle.  *See* Complaint ¶¶ 14-17 at 2.  Plaintiff contends that Defendant City failed to properly train Defendant Elrick in how to properly tag and hold a vehicle that is impounded in a criminal investigation.  *See id.* ¶ 11.  Plaintiff has not alleged elements of a valid § 1981 claim, *see Ramirez*, 222 F.3d at 1244, and giving him an opportunity to amend would be futile.  Accordingly, the claim will be dismissed with prejudice.

**THEREFORE, IT IS ORDERED** that Plaintiff's Motion for Default Judgment [Doc. 9] is DENIED, and Plaintiff's § 1981 claim is DISMISSED with prejudice.

**IT IS FURTHER ORDERED** that Plaintiff shall submit the address information for Defendant Erlick to the Clerk of the Court, and the Clerk shall issue and mail a request for waiver to Defendant Erlick and properly serve an alias summons and Complaint on Defendant City as provided, *supra.*

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**