**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

**DARRICK D. SUBLET,**

    **Plaintiff,**

**vs.**                                                                                    Cause No.  1:10-cv-113 RB/DJS

**CITY OF ALBUQUERQUE, a municipal corporation, and MARK ELRICK, in his official capacity as an employee of the City of Albuquerque,**

    **Defendants.**

# MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION[1]

By *Order of Reference* entered February 17, 2011, [Doc. 31], this matter was referred to the undersigned to conduct hearings if warranted, including evidentiary hearings, and to perform any legal analysis required to recommend to the Court an ultimate disposition of the case.  For the reasons stated below, the Court recommends this case be **dismissed without prejudice**.

**I.    BACKGROUND**

    **A.    Events leading to February 16, 2011 show cause hearing**

The Court convened a cause hearing on February 16, 2011 to allow Plaintiff pro se Darrick D. Sublet the opportunity to explain why this case should not be dismissed.  Mr. Sublet did not appear and thus failed to show cause why this case should not be dismissed.  The events leading the Court to set the show cause hearing are set forth below.

Mr. Sublet filed this case on February 9, 2010, alleging that Defendants violated his civil rights

---

[1] Within fourteen (14) days after a party is served with a copy of these proposed findings and recommendations, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommendations.  A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the findings and recommendations.  If no objections are filed, no appellate review will be allowed.

by improperly impounding and then failing to return his vehicle. [Doc. 1.] According to Mr. Sublet, the vehicle was being held as evidence of a crime, but a state court judge granted his motion to suppress and ordered Defendants to return it to him. [Id. at 2.] Mr. Sublet claims that instead of "tagging" the vehicle as evidence when he impounded it, Defendant Elrick improperly tagged it as abandoned or inoperable. [Id.] As a result, the vehicle was subject to a "high wrecker rate" that Mr. Sublet was unable to afford and the vehicle was lost. [Id.] Mr. Sublet alleges Elrick acted either negligently, or intentionally to deprive him of his constitutional rights. He claims the City of Albuquerque is liable for failing to properly train Elrick.

On February 10, 2010, the Court granted Mr. Sublet leave to proceed *in forma pauperis* and directed the U.S. Marshal to perfect service as directed by the Clerk of Court. [Doc. 5.] The Clerk issued summons and sent them to Mr. Sublet along with a letter directing him to complete the forms and return them for processing. [Docket entry of 2/26/2010.] Returns were filed on March 23, 2010, indicating that service on both Defendants had been attempted by delivering the summons and complaint to Kathy Levy, an attorney with the City of Albuquerque. [Docs. 6, 7.]

Defendants did not answer, and Mr. Sublet moved for default judgment on April 16, 2010. [Doc. 9.] On May 26, 2010, Judge Brack found that Kathy Levy was not authorized to accept service and that neither Defendant had been properly served; accordingly, default judgment was denied. [Doc. 13.] Upon denying default judgment, Judge Brack ordered Mr. Sublet to "submit the address information for Defendant Erlick to the Clerk of Court" so that a request for waiver could be sent.[2] [Id. at 6.]

Upon learning that Mr. Sublet had not complied with Judge Brack's order to provide address

---

[2]The District Judge also dismissed Mr. Sublet's section 1981 claim with prejudice, finding that the Complaint did not allege the elements of a section 1981 claim and that amendment was futile. [Doc. 13 at 6.]

information for Elrick, the undersigned set this matter for an in-person status conference on January 5, 2011. [Doc. 21.] Mr. Sublet failed to appear at the conference. [Doc. 23.] Later that day, the Court issued an Order to Show Cause with a response deadline of January 18, 2011. [Doc. 24.] Mr. Sublet did not respond to the Order to Show Cause.

In the interim, Defendant City of Albuquerque was properly served by the Clerk of Court and answered the Complaint. [Doc. 25.] On January 20, 2011, the undersigned issued an Initial Scheduling Order ("ISO") setting this case for a Rule 16 Scheduling Conference on February 16, 2011 at 9:30 a.m. [Doc. 26.] Among other things, the ISO directed Mr. Sublet to: (1) meet and confer with Defendants' counsel no later than February 1, 2011 to formulate a discovery plan and (2) file a Joint Status Report ("JSR") by February 8, 2011. The ISO admonished Mr. Sublet that failure to comply with these requirements "may constitute grounds for dismissal of this action in light of his repeated failures to comply with the Court's previous orders." [Id. at 1.]

Mr. Sublet did not file the JSR by February 8, 2011. The undersigned directed his staff to contact the parties to determine whether the JSR was forthcoming. Court staff called Mr. Sublet on February 9, 2011, at the telephone number listed on the docket. He did not answer and voice mail was not available. Court staff then called counsel for Defendants, Mr. Greenwood, who stated he also had been unable to contact Mr. Sublet and that the meet-and-confer directed by the ISO had not occurred.

B.     **February 16, 2011 Show Cause Hearing**

Because Mr. Sublet did not to respond to the Order to Show Cause, had failed to file a JSR, and apparently had not conferred with Defendants' counsel, the undersigned vacated the scheduling conference and scheduled a show cause hearing for the same date and time (February 16, 2011 at 9:30 a.m.). [Docs. 28, 29.] The notice setting the hearing directed Mr. Sublet to "appear and show cause why this case should not be dismissed." [Doc. 29.]

The Court convened the show cause hearing as scheduled on February 16, 2011 at 9:30 a.m. Mr. Sublet did not appear. Mr. Greenwood appeared on behalf of the City of Albuquerque. The Court questioned Mr. Greenwood on the record regarding his attempts to contact Mr. Sublet. Mr. Greenwood stated that in anticipation of preparing a JSR, he attempted to telephone Mr. Sublet on three different occasions, but was unable to reach him or to leave a voice mail message. Mr. Greenwood stated to the Court that he also sent Mr. Sublet a letter regarding their duty to work together to prepare a discovery plan. Through independent research Mr. Greenwood located what he believed to be an alternative telephone number and mailing address for Mr. Sublet. Mr. Greenwood stated he called the alternative number and sent the letter to the alternative address, but as of the date of the show cause hearing, he had not spoken to Mr. Sublet nor had return contact from him.

**C.     Mr. Sublet's communications with Court staff**

Mr. Sublet has contacted the Court twice by telephone—each time in connection with his failure to appear at a court-ordered conference or hearing. First, Mr. Sublet called the undersigned's chambers on January 5, 2011 after failing to appear at the status conference. He stated to chambers staff that he had received notice of the conference, but was unable to attend because he did not have a ride to the courthouse. Chambers staff informed him that the conference had been recessed when he failed to appear and the Court had directed a show cause order to issue. Chambers staff further advised Mr. Sublet that he would have an opportunity to explain his failure to appear at the conference when he responded to the Order to Show Cause. As stated above, Mr. Sublet did not respond to the Order to Show Cause.

Second, Mr. Sublet called on the afternoon of February 15, 2011, the day before the show cause hearing, and spoke to chambers staff again. He informed chambers staff that he would not attend the show cause hearing the following day because it conflicted with his work schedule and

4

because he did not believe he had timely notice of the hearing. Staff informed Mr. Sublet that the matter had been set since January 20, 2011, first as a Rule 16 conference and then as a show cause hearing. Mr. Sublet stated to Court staff that he had not received the January 20, 2011 notice. Staff advised Mr. Sublet to file a written submission explaining his position. He responded that he does not intend to file anything in writing because he is not represented by counsel. He also stated he would appeal if his case were dismissed.

## II.     LEGAL STANDARDS

Where a party has failed to comply with court orders, sanctions may be entered pursuant to Fed.R.Civ.P. 16(f)(1) which states:

> On motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)–(vii), if a party or its attorney;
>
> (A)     fails to appear at a scheduling or other pretrial conference
>
> (B)     is substantially unprepared to participate—or does not participate in good faith—in the conference; or
>
> (C)     fails to obey a scheduling or other pretrial order.

Fed.R.Civ.P 16(f)(1). Available sanctions include "dismissing the action or proceeding in whole or in part." Fed.R.Civ.P. 37(b)(2)(A)(v).

Determining the appropriate sanction is a fact-specific inquiry made by the Court. *Ehrenhaus v. Reynolds*, 965 F.2d 916, 920 (10th Cir. 1992). Dismissal is "an extreme sanction appropriate only in cases of wilful misconduct." *Id.* "Particularly when a party appears pro se, the court should carefully assess whether it might appropriately impose some sanction other than dismissal, so that the party does not unknowingly lose its right of access to the courts because of a technical violation. *Id.* at 920 n.3. Dismissal, however, "is an appropriate sanction against a party who disregards court

orders and fails to proceed as required by court rules." *United States ex rel. Jimenez v. Health Net, Inc.*, 400 F.3d 853, 855 (10th Cir. 2005) (citing *Nat'l Hockey League v. Metro Hockey Club, Inc.*, 427 U.S. 639, 642–43 (1976)).

Before choosing dismissal as a sanction, the court ordinarily should consider the following non-inclusive factors: (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advice that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions. *Id.* at 921. "Only when the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits is dismissal an appropriate sanction." *Id.* (quoting *Meade v. Grubbs*, 841 F.2d 1512, 1521 n.7 (10th Cir. 1988)).

### III. DISCUSSION

#### A. Sanctionable conduct

The Court finds the following sanctionable conduct has occurred in this case:

(1) Mr. Sublet did not comply with Judge Brack's May 26, 2010 order to "submit the address information for Defendant Erlick to the Clerk of the Court." [Doc. 13 at 6.] Mr. Sublet did not submit the information to the Clerk's office, nor has he explained why he could not comply with Judge Brack's order.

(2) Mr. Sublet did not comply with the undersigned's December 16, 2010 order [Doc. 21] to appear in person at a status conference on January 5, 2011.

(3) Mr. Sublet failed to respond to the undersigned's January 5, 2011 Show Cause Order. [Doc. 24.]

(4) Mr. Sublet failed to meet and confer with Defendants' counsel, to cooperate in preparing a discovery plan, and to submit a JSR as required by the January 20, 2011

> Initial Scheduling Order [Doc. 26].

(5) Mr. Sublet failed to appear at the Show Cause Hearing on February 16, 2011.

### B. Application of *Ehrenhaus* factors

#### 1. Prejudice to the Defendants

The Court finds that Defendants are prejudiced by Mr. Sublet's conduct. They incurred the time and expense of preparing for and attending the January 5, 2011 status conference at which Mr. Sublet failed to appear. They also incur the time and expense of fruitless attempts to locate and communicate with Mr. Sublet. They are prejudiced in their ability to defend the case by Mr. Sublet's refusal to participate in preparing a discovery plan.

Defendants also are prejudiced by the delay occasioned by Mr. Sublet's failure to pursue the case. In his Complaint, Mr. Sublet alleges Defendants, and Elrick in particular, acted purposefully and intentionally "to inflict mental anguish and physical punishment" on him because he is African-American. [Doc. 1 at 2, 3.] So long as the lawsuit remains pending and unresolved, an allegation of this nature is potentially stigmatizing to the Defendants.

They also are prejudiced by Mr. Sublet's failure to respond on the record. As described above and on the record at the show cause hearing on February 16, 2011, Mr. Sublet has contacted the Court by telephone but has not been in contact with Defendants' counsel and refuses to file anything in writing. Mr. Sublet's telephone calls to the Court combined with his refusal to give his explanations on the record prejudices Defendants' ability to respond to his claims and allegations, for example, claims that he did not receive timely notice or was unable to find a ride to court. As far as the record reflects, and according to representations by counsel in open court, Mr. Sublet has not once been in contact with defense counsel though this case has been pending for more than a year. This factor weighs in favor of dismissal.

7

### 2. Interference with the judicial process

Mr. Sublet has interfered with the judicial process by failing to provide information requested by the Court. He has been granted leave to proceed *in forma pauperis* and been directed to provide address information for Defendant Elrick so the Court can direct service on his behalf. His failure to provide the information or offer reasons why he cannot comply prevents the Court from carrying out its obligation to serve process under 28 U.S.C. § 1915(d).

His failure to appear at court-ordered conferences and hearings impedes the Court's ability to manage this litigation and to ensure that it moves along in a timely fashion with fairness to both sides. His failure to cooperate with Defendants in preparing a discovery plan and his failure to submit a JSR likewise interfere with the Court's ability to manage the case and have prevented this matter from moving past the pleadings stage. This factor weighs in favor of dismissal.

### 3. Culpability of the litigant

The Court finds that Mr. Sublet is culpable for his conduct. He has failed on five occasions to comply with court orders. His noncompliance includes twice failing to appear for a scheduled hearing or conference—despite having notice—and failing to respond to an Order to Show Cause. He has not requested extensions of time nor has he requested that any matter be reset. Furthermore, he has failed to communicate with Defendants' counsel and refuses to make written filings as required by the Court.

Mr. Sublet has demonstrated a pattern of willful disobedience to court orders and chronic disregard for his obligations to this Court and to counsel. This factor weighs in favor of dismissal.

### 4. Prior warning

The Court warned Mr. Sublet on three occasions that his case was in jeopardy of dismissal.[3]

---

[3] Mr. Sublet informed court staff that he would appeal if this is dismissed, thus demonstrating he is aware the Court is considering dismissal.

First, the January 5, 2011 Order to Show Cause stated: "Plaintiff is hereby directed to show cause why the Complaint should not be dismissed without prejudice for failure to prosecute." [Doc. 24.] Second, the Initial Scheduling Order admonished Mr. Sublet that his failure to comply "may constitute grounds for dismissal of this action in light of his repeated failures to comply with the Court's previous orders." [Doc. 26] Third, the Notice for this Show Cause Hearing stated: "Plaintiff shall appear and show cause why this case should not be dismissed." [Doc. 29.] This factor has been satisfied.

### 5.     Efficacy of lesser sanctions

The Court has discretion to impose a variety sanctions and should consider dismissal only as a last resort. The record in this case convinces the Court that dismissal is appropriate here because Mr. Sublet has repeatedly flouted the Court's orders, his obligations to Defendants' counsel, and the Federal Rules of Civil Procedure. He has continued to do so despite multiple warnings that his conduct could result in dismissal. He has been given several opportunities to explain on the record the reasons he has not or could not comply, but has refused. Further, in a telephone call to Chambers staff, he indicated that he does not intend to make any written submissions because he is not represented by counsel.

This is not a case where a pro se litigant has been caught unawares by a technical violation. The record before the Court clearly evidences Mr. Sublet's unwillingness to comply with fundamental rules and chronic failure to prosecute his case. His pro se status affords him some allowances but does not excuse him from the obligation to comply with the fundamental requirements of the Federal Rules of Civil Procedure. *Odgen v. San Jose County*, 32 F.3d 452, 455 (10th Cir. 1994). Under these circumstances, the Court finds that a lesser sanction would not be efficacious.

Given Mr. Sublet's wilful and repeated conduct, dismissal with prejudice—and perhaps contempt sanctions—would be warranted. *See Ehrenhaus*, 965 F.2d 916 (upholding dismissal with

prejudice as sanction for a single incident of failing to comply with a court order).  However, in light of his pro se status, the Court will recommend that the dismissal be without prejudice.

## IV.     CONCLUSION and RECOMMENDATION

The Court concludes that the *Ehrenhaus* factors weigh in favor of dismissal and recommends that this case be dismissed without prejudice.

**DON J. SVET**
**United States Magistrate Judge**